ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Carol A. Gefis          State Bar No. 147814
   CGefis@aalrr.com
20 Pacifica, Suite 1100
Irvine, California 92618-3371
Telephone: (949) 453-4260
Fax: (949) 453-4262

Attorneys for Plaintiffs VASILI GATSINARIS, D.C.; GATSINARIS CHIROPRACTIC, INC.; AMERICAN CORPORATE HEALTH, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VASILI GATSINARIS, D.C., et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>ART CORPORATE SOLUTIONS, INC., et al.,<br><br>             Defendants. | Case No.    8:15-cv-00741-DOC-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT P. MICHAEL LEAHY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [DOC 20]**<br><br>Date:     June 29, 2015<br>Time:    8:30 a.m.<br>Crtrm..:  9D |

## I.     INTRODUCTION

This federal action involves Defendants' efforts to prevent competition in the corporate ART services market through the use and enforcement of illegal noncompete agreements, refusal to certify Dr. Gatsinaris and other ACH providers, and their efforts to disrupt Plaintiffs' existing and prospective contractual relationships.

Plaintiffs all reside in California, Defendants solicited Dr. Gatsinaris to provide ART corporate services in California, Plaintiffs signed the Provider Agreement containing illegal noncompete provisions in California, and Plaintiffs provided services under the Provider Agreement to businesses located within the

state of California only. Plaintiffs have never used Defendants' confidential and/or proprietary information to compete with ARTCS or ever solicited any of ARTCS' clients in Colorado or elsewhere. Yet, the mere knowledge that Plaintiffs have started a business that directly competes with ARTCS has triggered Defendants to embark on a campaign to prevent Plaintiffs from competing with ARTCS. Plaintiffs have therefore sought the protections of California's laws.

It is undisputed that defendant P. Michael Leahy ("Leahy") is the controlling owner of both ART LLC and ARTCS. Furthermore, Leahy does not dispute that he had knowledge of, participated in or approved the activities at issue in this litigation. Thus, it would not offend the "traditional notions of fair play" and "substantial interests" for this Court to exercise personal jurisdiction over Leahy in this action.

To the extent that Plaintiffs have not established personal jurisdiction, Plaintiffs request that the Court continue this Motion and allow Plaintiffs to conduct jurisdictional discovery before Leahy is dismissed from this action. (*Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987).)

## II. LEGAL ARGUMENT

### A. Legal Standard

Under California's long-arm statute, local courts are authorized to exercise jurisdiction over the parties ". . . on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc., § 410.10.) Thus, California courts can assert power over residents and nonresidents to the outer limits of constitutional due process. (*Sanders v. CEG Corp.*, 95 Cal.App.3d 779, 783 (1979).)

To satisfy these constitutional limitations, an out-of-state defendant must have sufficient "minimum contacts" within the State of California that the assertion of jurisdiction does not violate traditional notions of fair play and substantial interests. (*International Shoe v. Washington*, 326 U.S. 310, 316 (1945).)

### B. California Courts Have General Jurisdiction Over Leahy

California courts may exercise general jurisdiction over a non-resident if his

- 2 -

Opp. to Leahy's Motion to Dismiss For Lack of Personal Jurisdiction
8:15-cv-00741-DOC-DFM

or her contacts in this state are "extensive or wide-ranging" or "substantial, continuous and systematic." (*Vons, supra,* 14 Cal.4th at 445-446.)

According to his "Linked In" profile, Dr. Leahy, Dr. Leahy attended Los Angeles College of Chiropractic from 1980 – 1984 and 1986. He earned his doctor of chiropractic at that California College. (Gefis Decl. ¶ 3.)

### C. California Courts Have Specific Jurisdiction Over Leahy

If a nonresident defendant does not have sufficient contacts in California to establish general jurisdiction, it may still be subject to the specific jurisdiction of California Courts "if there is a sufficient nexus among the defendant, the state and the litigation." (*Snowney v. Harrah's Entertainment, Inc.*, 35 Cal.4th 1054, 1062 (2005).) Specific jurisdiction applies if the lawsuit arises out of or relates to the defendant's contacts with the forum. (*Daimler AG v. Bauman*, 134 S.Ct. 746, 755 (2014).)

For specific jurisdiction to exist, Plaintiffs must establish: (1) Leahy purposefully availed himself of the privilege of conducting activities in this state, thus invoking the benefits and protections of California's laws; (2) the underlying dispute must be substantially connected to or arise out of the Leahy's contacts with this state; and (3) the court must be satisfied that the exercise of jurisdiction would be reasonable and fair, consistent with notions of fair play and substantial justice. (*Snowney, supra*, 35 Cal.4th 1062.)

Here, Leahy's contacts in California are "extensive or wide-ranging" or "substantial, continuous and systematic."

Dr. Leahy attended Chiropractic School at Los Angeles College of Chiropractic. (Gefis Decl. ¶ 3.) He admits that he is licensed to practice chiropractic medicine in the State of California. Dr. Leahy regularly comes to California to support the ART training programs, and has been present in California for the purpose of providing assistance to training in ART on at least four occasions, and likely many more.

Dr. Leahy was personally observed by Dr. Gatsinaris within the state of California when Dr. Leahy attended ART training seminars and often assisted the trainers and demonstrated ART techniques at the following locations and during the following times:

    a.    San Diego, California in December 2002;

    b.    San Francisco, California, in February 2003;

    c.    San Diego, California in June 2003;

    d.    San Diego, California in June 2004;

    e.    Los Angeles, California in May 2007 (masters course);

    f.    San Diego, California in June 2010.

(Gatsinaris Decl. ¶ 2.)

More recently, Dr. Leahy was present for training in San Diego in September 2013, where he personally helped Dr. Gatsinaris with his technique. (Gatsinaris Decl. ¶ 3.)

In approximately 2007, Dr. Leahy gave a presentation for the Orange County nurses' association and gave a talk about ART and his services. Dr. Gatsinaris was in attendance at the presentation.   (Gatsinaris Decl. ¶ 4).

According to the website "Buildmestronger," Dr. Leahy is currently conducting research with the University of California San Diego Medical School on cumulative trauma. (Gefis Decl. ¶ 4.)

Dr. Leahy's contacts with California are long standing and far reaching. He is therefore subject to jurisdiction in this state.

### 1. Specific Jurisdiction Exists Because Leahy Can Be Held Personally Liable for Intentional Torts

Specific jurisdiction exists because Leahy has purposefully availed himself of the privilege of conducting activities in this state. He attended chiropractic school at Los Angeles College of Chiropractic. He is licensed to practice chiropractic medicine in the State of California. He is currently conducting research with the

- 4 -

University of California San Diego Medical School. (Gefis Decl. ¶ 4.)

Dr. Leahy regularly trains and supervises chiropractors in the State of California to perform the ART technique. Dr. Gatsinaris has attended numerous seminars in California during which Leahy provided instruction, information and demonstrations of ART, including in 2002, 2003 (twice), 2004, 2007 and 2010. (Gatsinaris Decl., ¶¶ 2, 3.) In addition, in approximately 2007, Dr. Leahy gave a presentation for the Orange County nurses' association where he gave a talk about ART and his services. Dr. Gatsinaris was in attendance at the presentation and personally saw Dr. Leahy. (Gatsinaris Decl. ¶ 4.)

Specific jurisdiction also exists because the underlying dispute is substantially connected to or arises out of Leahy's contacts with this state. Leahy committed intentional torts that caused injury to Defendants and other competitors within the state of California.

Local jurisdiction is presumptively not unreasonable if a non-resident, acting outside the state, commits an intentional tort that causes injuries within the state. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that . . . would render jurisdiction unreasonable." (*Burger King Corp. v. Rudzewicz,* 471 US 462, 475-476 (1985).) In addition, a nonresident may be subject to California jurisdiction based on activities purposefully directed at California residents in an action for unfair competition under Section 17200 and related claims. (*West Corp. v. Superior Court*, 116 Cal.App.4th 1167, 1180 and *Snowney, supra*, 35 Cal.4th at 1070 (2004).)

Specific jurisdiction exists because Leahy committed intentional torts that caused injury to Defendants and other competitors within the state of California. It is well-established that Leahy can be held personally liable for intentional torts if he "personally directed or participated in the tortious conduct." (*Frances T. v. Village Green Owners Association*, 42 Cal.3d 490, 504 (1986).) Personal liability does not depend on the same grounds as "piercing the corporate veil," but rather on the

officer or director's personal participation or specific authorization of the tortious acts. (*Id.*)

Personal liability for intentional torts may extend to shareholders, general partners and those acting in their official capacities as officers or directors of a corporation, even if the corporation is also liable, if they are shown to have participated in an intentional tort. (*PMC, Inc. v. Kadisha*, 78 Cal.App.4th 1368, 1381-1382 (2008) (former managers could be held personally liable for unfair competition and misappropriation of trade secrets); *Klein v. Oakland Raiders*, *Ltd.*, 211 Cal.App.3d 67, 76-79 (1989) (sole general partner could be personally liable for conspiring to violate the Sherman Act on behalf of limited partnership); *Golden v. Anderson*, 256 Cal.App.2d 714, 719-720 (1967) (corporate officers conspired to interfere with contractual relationship).)

To impose personal liability, Plaintiffs must establish that Leahy (1) authorized, directed or participated in the allegedly tortious conduct, or (2) knew or reasonably should have known that some hazardous condition or activity under his or her control could injure plaintiff and, despite this, he or she negligently failed to take or order appropriate action to avoid the harm. (*Frances T., supra,* 42 Cal.3d at 508-509.)

Here, Plaintiffs have asserted five causes of action against Dr. Leahy based on unfair competition in violation of Business and Professions Code section 17200 et seq., the Cartwright Act, and tortious interference with contractual and prospective economic relationships. Plaintiffs have established that Leahy authorized, directed or participated in the alleged tortious conduct, or at minimum, knew or reasonably should have known of such conduct and failed to take the requisite action to avoid harm to Plaintiffs. These facts are established by Leahy's controlling ownership interest in ART LLC and ARTCS. (Complaint, ¶ 14.) In addition, after ART LLC rejected Dr. Gatsinaris' recertification application, Dr. Gatsinaris repeatedly called ART LLC to discuss the matter. Each time, a representative of ART LLC informed

Dr. Gatsinaris that "Dr. Leahy would get back to him," which further shows that Dr. Leahy had the ultimate decision making authority at ART LLC and ARTCS with regard to the matters at issue in this dispute. (*Id.* ¶ 22.)

Moreover, Plaintiffs have alleged that all Defendants, including Leahy, acted for "himself, herself, or itself and on his, her, or its own behalf individually, is and was acting as an agent, servant, employee, and representative of, and with knowledge, consent, and permissions of, and in conspiracy with, each and all of the Defendants and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy." (*Id.* ¶ 8.) Plaintiffs further alleged that "the acts of each of the Defendants were fully ratified by each and all of the Defendants." (*Id.*) Plaintiffs further alleged that "the actions, failures to act, breaches, and conspiracies alleged . . . and attributed to one or more of the Defendants were approved, ratified, and one with cooperation and knowledge of each and all of the Defendants." (*Id.*)

As conceded in Leahy's moving papers, Plaintiffs may rely on the allegations in their complaint to prove personal jurisdiction, unless those allegations have been controverted. (*Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).) In this case, Leahy has not presented any evidence contradicting any of these allegations, including in the declaration he submitted in support of his Motion to Dismiss. Thus, Plaintiffs have established that Leahy was in control of, directed or least had knowledge of the actions of ART LLC and ARTCS, which are the subject of this dispute. Therefore, Leahy may be held personally liable for the causes of action asserted against him, and the Court may properly exercise jurisdiction over Leahy in this lawsuit.

### 2. Plaintiffs Request Leave to Continue the Hearing to Allow for Jurisdictional Discovery

To the extent that Plaintiffs have not established personal jurisdiction, Plaintiffs request that the Court continue this Motion and allow Plaintiffs to conduct

1 jurisdictional discovery before Leahy is dismissed from this action. (*Crane v. Carr*,
2 814 F.2d 758, 760 (D.C. Cir. 1987) (vacating, in part, the District Court's judgment,
3 because "Crane's case was dismissed with no opportunity for discovery on the issue
4 of personal jurisdiction").)

### III. CONCLUSION

For all of the reasons set forth herein, Plaintiffs respectfully request that the Court deny Leahy's Motion to Dismiss as Plaintiffs have established that personal jurisdiction exists.

Dated: June 8, 2015

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ Carol A. Gefis*
Carol A. Gefis
Attorneys for Plaintiffs VASILI GATSINARIS, D.C.; GATSINARIS CHIROPRACTIC, INC.; AMERICAN CORPORATE HEALTH, LLC

# CERTIFICATE OF SERVICE

Case Name: *Gatisnaris v. ART Corporate Solutions*

No.: 8:15-cv-00741-DOC-DFM

On June 8, 2015, I filed the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT P. MICHAEL LEAHY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [DOC 20]** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The below parties are currently on the list to receive e-mail notices for this case.

Eric R. Maier
Maier Shoch LLP
1001 Hermosa Avenue, Suite 206
Hermosa Beach, CA 90254
emaier@maiershoch.com

Tamir I. Goldstein
Sherman & Howard L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
tgoldstein@shermanhoward.com

Joseph C. Daniels
Sherman & Howard L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
jdaniels@shermanhoward.com

Executed on June 8, 2015, at Irvine, California.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

/s/ Patricia Tonti-Mace
Patricia Tonti-Mace