1 ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
2 Carol A. Gefis          State Bar No. 147814
   CGefis@aalrr.com
3 20 Pacifica, Suite 1100
Irvine, California 92618-3371
4 Telephone:  (949) 453-4260
Fax:  (949) 453-4262
5
Attorneys for Plaintiffs VASILI GATSINARIS, D.C.;
6 GATSINARIS CHIROPRACTIC, INC.; AMERICAN
CORPORATE HEALTH, LLC
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11 VASILI GATSINARIS, D.C., et al.,        Case No.     8:15-cv-00741-DOC-DFM

12                 Plaintiffs,             **MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN OPPOSITION
13 v.                                      TO DEFENDANTS' MOTION TO
                                           DISMISS PURSUANT TO F.R.C.P.
14 ART CORPORATE SOLUTIONS,                12(B)(1) AND 12(B)(6), OR, IN THE
INC., et al.,                              ALTERNATIVE, STAY THIS
15                                         ACTION [DOC 21]**
                 Defendants.
16                                         Date:      June 29, 2015
                                           Time:      8:30 a.m.
17                                         Crtrm.:    9D

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

Opposition To Defendants' Motion To Dismiss

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................ 1

II.    LEGAL ARGUMENT ................................................................. 1

    A.    A Stay or Dismissal is Not Warranted under the *Colorado River* Doctrine Because "Exceptional Circumstances" Do Not Exist ............ 1

        1.    Federal Courts Have a Strict Duty to Exercise the Jurisdiction That is Conferred Upon Them ................................ 1

        2.    Circumstances Warranting a Stay or Dismissal under the *Colorado River* Doctrine are "Exceedingly Rare" and are Not Present Here .......................................................... 2

        3.    The Court is Precluded from Granting a *Colorado River* Stay or Dismissal Because There is Substantial Doubt as to Whether the State Court Proceedings Will Resolve the Federal Court Action ................................................. 3

        4.    The *Colorado River* Factors Weigh <u>Against</u> a Dismissal or Stay in this Case ............................................................. 5

            a.    This Case Does Not Raise a "Special Concern" about Piecemeal Litigation .......................................... 6

            b.    The Order of Jurisdiction Weighs in Favor of Federal Jurisdiction ................................................ 8

            c.    The Source of Law Weighs in Favor of Federal Jurisdiction ........................................................ 9

            d.    There Is No Evidence that Plaintiffs Have Engaged in Forum Shopping ............................................. 9

        5.    If The Court is Inclined to Decline to Exercise Jurisdiction at this Time, it Should Stay Rather Than Dismiss the Federal Action ...................................................... 10

    B.    Plaintiffs' Cause of Action for Declaratory Relief Should Stand ...... 10

    C.    Plaintiffs Have Stated a Claim As To Each of Their Causes of Action in the Complaint ................................................... 11

        1.    Legal Standard ........................................................ 11

        2.    Plaintiffs Have Stated a Claim for Violation of Cartwright Act ................................................................ 12

        3.    Plaintiffs State a Claim for Violation of California's Unfair Competition Laws (Cal. Bus. & Prof. Code, § 17200 et seq.) ........................................................ 14

            a.    The Provider Agreement Contains Noncompete

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- i -

Provisions that Violate California Business and
Professions Code § 16600 ............................................... 15

b.  California Law Applies to the Noncompetition
Provision in the Provider Agreement ............................ 17

c.  Defendants' Use and Enforcement of Illegal
Noncompete Agreements Violates Section 17200 ......... 19

d.  Defendants' Conspiracy to Dominate the Corporate
ART Services Market is an Unlawful and Unfair
Business Practice ........................................................... 20

4.  Plaintiffs Have Sufficiently Plead a Claim for Tortious
Interference with Existing and Prospective Contractual
Relations ................................................................................ 21

5.  Plaintiffs are Entitled to Leave to Amend ............................... 22

III.  CONCLUSION ................................................................................ 22

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

8:15-cv-00741-DOC-DFM

# TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

*Al-Kidd v. Ashcroft*
580 F.3d 949 (9th Cir. 2009) ............................................................. 12

*Arpin v. Santa Clara Valley Transp. Agency*
261 F.3d 912 (9th Cir. 2001) ............................................................. 14

*Attwood v. Mendocino Coast Dist. Hospital*
886 F2d 241 (9th Cir. 1989) ............................................................. 10

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ......................................................................... 12

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*
800 F.2d 325 (2d. Cir. 1986) .............................................................. 9

*Braden v. Wal-Mart Stores, Inc.*
588 F.3d 585 (8th Cir. 2009) ............................................................. 12

*Campbell v. Board of Trustees of Leland Stanford Junior University*
817 F.2d 499 (9th Cir. 1987) ............................................................. 16

*Colorado River Water Conservation District v. United States*
424 U.S. 800 (1976) ................................................................... passim

*Eastman Kodak Company v. Image Technical Services, Inc.*
504 U.S. 451 (1992) ......................................................................... 14

*General Accident Ins. Co. v. Namesnik*
790 F.2d 1397 (9th Cir.1986) ............................................................ 19

*Hebbe v. Pliler*
627 F.3d 340 (9th Cir. 2010) ............................................................. 12

*Herrington v. County of Sonoma*
706 F.2d 938 (9th Cir. 1983) .............................................................. 8

*Intel Corp. v. Advanced Micro Devices, Inc.*
12 F.3d 908 (9th Cir. 1993) ................................................................ 3

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

*Kelley Investments, Inc. v. Continental Common Corp.*
315 F.3d 494 (5th Cir. 2002) ................................................................. 6, 7

*Khan v. K2 Pure Solutions, LP*
981 F.Supp.2d 860 (N.D. Cal. 2013)......................................................... 20

*Lopez v. Smith*
203 F.3d 1122 (9th Cir. 2000) ................................................................. 22

*Moses H. Cone Mem. Hospital v. Mercury Const. Corp.*
460 US 1 (1983) ................................................................. 5, 8, 9

*Quackenbush v. Allstate Insurance Company*
517 U.S. 706 (1996) ................................................................. 2

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness
Develop. Corp., S.A.*
711 F.2d 260 (11th Cir. 1983)................................................................. 14

*R.R. Street & Co. Inc. v. Transport Insurance Company*
656 F.3d 966 (9th Cir. 2011) ................................................................. 3, 5, 6, 7

*Rescuecom Corp. v. Google Inc.*
562 F.3d 123 (2nd Cir. 2009) ................................................................. 14

*Scott v. Snelling and Snelling, Inc.*
732 F. Supp. 1034 (N.D. Cal. 1990)......................................................... 16, 19

*Smith v. Central Arizona Water Conservation District*
418 F.3d 1028 (9th Cir. 2005) ................................................................. 2, 3

*Snodgrass, M.D. v. Provident Life and Accident Insurance Company*
147 F.3d 1163 (9th Cir. 1998) ................................................................. 10, 11

*Starr v. Baca*
652 F.3d 1202 (9th Cir. 2011) ................................................................. 12

*Travelers Indemnity Company v. Madonna*
914 F.2d 1364 (9th Cir. 1990) ................................................................. 6, 7, 9

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

8:15-cv-00741-DOC-DFM

**TABLE OF AUTHORITIES**
**(CONTINUED)**

<u>Pages</u>

*United States v. Morros*
268 F.3d 695 (9th Cir. 2001) ............................................................. 6

*Yordy v. Astrue*
2010 WL 653099 (N.D. Cal. 2010) ................................................... 12

**STATE CASES**

*Application Group, Inc. v. Hunter Group, Inc.,*
61 Cal.App.4th 886 (1998) ......................................................... 19, 20

*Asahi Kaei Pharma Corporation v. Cotherix, Inc.*
204 Cal.App.4th 1 (2012) ............................................................... 13

*Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
20 Cal.4th 163 (1999) ............................................................... 15, 21

*Dowell v. Biosense Webster, Inc.*
179 Cal.App.4th 564 (2009) ....................................................... 16, 20

*Edwards v. Arthur Andersen LLP*
44 Cal.4th 937 (2008) ......................................................... 15, 16, 18

*Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
20 Cal.App.3d 668 (1971) ............................................................... 19

*Grynberg v. Grey Wolf, Inc.*
2008 WL 687363 (2008) ................................................................... 5

*Howard v. Babcock*
6 Cal.4th 409 (1993) ...................................................................... 15

*Kolani v. Gluska*
64 Cal.App.4th 402 (1998) .............................................................. 16

*Kolling v. Dow Jones & Co.*
137 Cal.App.3d 709 (1982) .............................................................. 13

*Nat'l Graphics Co. v. Dilley*
681 P.2d 546 (Colo.App.1984) ........................................................ 18

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- v -

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

*Retirement Group v. Galante,*
    176 Cal.App.4th 1226 (2009)..................................................16

*Robinson Helicopter Co. v. Dana Corp.*
    34 Cal.4th 979 (2004).......................................................21

*San Francisco Unified Sch. Dist. V. W.R. Grace & Co.*
    37 Cal.App.4th 1318 (1995).................................................21

*Saunders v. Superior Court*
    27 Cal.App.4th 832 (1994)..................................................14

*Stoiber v. Honeychuck*
    101 Cal.App.3d 903 (1980)..................................................14

*West Corp. v. Superior Court*
    116 Cal.App.4th 1167 (2004)..................................................4

**STATE CODES/STATUTES**

Business and Professions Code §§ ..............................................4

Business and Professions Code § 16600 ..................................passim

Business and Professions Code § 16720 ........................................4

Business and Professions Code § 17200 ..................................passim

Business and Professions Code § 17203 ........................................4

Civil Code § 1654............................................................17

Civil Code § 1673............................................................15

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure, rule 12(b)(6)      11, 12

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

8:15-cv-00741-DOC-DFM

## I.     <u>INTRODUCTION</u>

This federal action involves Defendants' efforts to prevent competition in the corporate ART services market through the use and enforcement of illegal noncompete agreements, refusal to certify Dr. Gatsinaris and other ACH providers, and their efforts to disrupt Plaintiffs' existing and prospective contractual relationships.

Plaintiffs all reside in California, Defendants solicited Dr. Gatsinaris to provide ART corporate services in California, Plaintiffs signed the Provider Agreement containing illegal noncompete provisions in California, and Plaintiffs provided services under the Provider Agreement to businesses located within the state of California only. Plaintiffs have never used Defendants' confidential and/or proprietary information to compete with ARTCS or to solicit any of ARTCS' clients in Colorado or elsewhere. Yet, the mere knowledge that Plaintiffs have started a business that directly competes with ARTCS has triggered Defendants to embark on a campaign to prevent Plaintiffs from competing with ARTCS. Based on Defendants' scheme to restrain competition in the ART corporate services market, Plaintiffs have sought the protections of California's laws.

Defendants request this Court to stay or dismiss this action. For the reasons described below, "exceptional circumstances" do not exist for this Court to stay or dismiss this federal action under the *Colorado River* doctrine, and Plaintiffs have sufficiently stated a claim as to each of the causes of action in their Complaint. Accordingly, the Court should deny Defendants' 12(b)(6) motion.

## II.    <u>LEGAL ARGUMENT</u>

### A.     <u>A Stay or Dismissal is Not Warranted under the *Colorado River* Doctrine Because "Exceptional Circumstances" Do Not Exist</u>

#### 1.     **Federal Courts Have a Strict Duty to Exercise the Jurisdiction That is Conferred Upon Them**

Initially, "the pendency of an action in state court is no bar to proceedings

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

concerning the same matter in the Federal court having jurisdiction." (*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).) Federal courts "have a <u>strict duty</u> to exercise the jurisdiction that is conferred upon them by Congress." (*Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, 715 (1996).) Abstention from the exercise of federal jurisdiction is the exception, not the rule. (*Colorado River, supra,* 424 U.S. at 813.)

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an <u>extraordinary and narrow exception</u> to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the <u>exceptional circumstances</u> where the order to the parties to repair to the state court would clearly serve an important countervailing interest. (*Id*.)

Consequently, the doctrine of abstention is only warranted by considerations of (1) proper adjudication of a federal constitutional issue, (2) questions of important state policy, and (3) interference with state criminal proceedings, none of which apply here.  (*Id*. at 814-815.) The Court should therefore continue to exercise jurisdiction in these proceedings and deny Defendants' requested relief.

> ## 2.    Circumstances Warranting a Stay or Dismissal under the *Colorado River* Doctrine are "Exceedingly Rare" and are Not Present Here

Under the *Colorado River* doctrine, there may be circumstances in which traditional abstention principles do not apply, yet consideration of "wise judicial administration" may justify a decision to stay or dismiss federal proceedings pending resolution of concurrent state court proceedings. (*Colorado River, supra,* 424 U.S. at 817.) "<u>Such circumstances are, however, exceedingly rare</u>." (*Smith v. Central Arizona Water Conservation District*, 418 F.3d 1028, 1032-1033 (9th Cir. 2005).) In fact, given that federal courts have "virtually unflagging obligations" to exercise the jurisdiction conferred upon them, a stay or dismissal under the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

8:15-cv-00741-DOC-DFM

1  *Colorado River* doctrine is "considerably more limited than the circumstances

2  appropriate for abstention." (*Colorado River, supra,* 424 U.S. at 818.)

3      Based on these principles, a stay or dismissal under the *Colorado River*

4  doctrine is only appropriate when there are "exceptional" circumstances and when

5  only "the clearest of justifications" support dismissal. (*Id.* at 818-819.) "Only in rare

6  cases will 'the presence of a concurrent state proceeding' permit the district court to

7  dismiss a concurrent federal suit 'for reasons of wise judicial administration.'" (*R.R.*

8  *Street & Co. Inc. v. Transport Insurance Company*, 656 F.3d 966, 978 (9th Cir.

9  2011).)

### 3. The Court is Precluded from Granting a *Colorado River* Stay or Dismissal Because There is Substantial Doubt as to Whether the State Court Proceedings Will Resolve the Federal Court Action

14      To obtain a dismissal or stay under the *Colorado River* doctrine, the state

15  court proceeding must be sufficiently parallel to the federal proceeding. (*R.R. Street*

16  *& Co. Inc., supra*, 656 F.3d at 982.) Courts require a parallel suit to ensure

17  "comprehensive disposition of litigation." (*Id.*) Otherwise, a stay or dismissal will

18  neither conserve judicial resources nor prevent duplicative litigation. (*Id.*)

19      Although courts have not always required "exact parallelism," the two actions

20  must be "substantially similar." (*Id.*) "The existence of a substantial doubt as to

21  whether the state proceedings will resolve the federal action precludes the granting

22  of a *Colorado River* stay [or dismissal]." (*Smith, supra,* 418 F.3d at 1033.)

23      When a district court decides to dismiss or stay under *Colorado River*,

24      it presumably concludes that the parallel state-court litigation will be an

25      adequate vehicle for the complete and prompt resolution of the issues

26      between the parties.  If there is any substantial doubt as to this, it would

27      be a serious abuse of discretion to grant the stay or dismissal at all.

28  (*Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

Opposition To Defendants' Motion To Dismiss

Here, the Colorado state court proceedings will not resolve this federal court action. Although Defendants claim that the two actions are "substantially the same," Defendants ignore the fact that Plaintiffs' causes of action are based on violations of California law, including Business and Professions Code sections 16600, 16720, and 17200 et seq. and various tort claims.

A state court judgment in the Colorado case will not preclude Plaintiffs from asserting their California state claims in California court so long as personal jurisdiction exists, which is not contested here. (See Bus. & Prof. Code § 17203; *West Corp. v. Superior Court*, 116 Cal.App.4th 1167, 1178-1179 (2004) (California may assert jurisdiction over non-resident telemarketing company that initiated sale of product to California resident in violation of the UCL). Consequently, the Colorado state court proceedings will not resolve the federal action in California.

This federal action is not substantially similar to the Colorado state action. Contrary to Defendants' characterization of this dispute, Plaintiffs' claims are not limited to the Provider Agreement. Rather, Plaintiffs also allege that Defendants have intentionally disrupted their existing and prospective economic relationships. Plaintiffs further allege that Defendants have engaged in unfair competition and violated California's antitrust laws through the use of unfair and unlawful business practices, which not only impacts Plaintiffs but also every ART provider within the state of California. These claims are all based upon California law.

Defendants argue that the *Colorado River* doctrine applies because Plaintiffs' claims in the federal action are "compulsory" and should be asserted in the Colorado state action. Yet, Defendants' disruption of Plaintiffs' economic relationships and unfair and monopolistic business practices do not arise out of the "same transaction or occurrence" as the claims asserted in the state court action, which relate to Dr. Gatsinaris' and GCI's alleged breach of the Provider Agreement. Moreover, to determine whether parallel proceedings exist, "the better approach is to examine the state proceedings as they *actually exist,*" rather than considering "how state

- 4 -

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

proceedings could have been brought in theory, i.e., what claims and parties could have been included had the federal plaintiff made a timely application to do so, and compare the theoretical state proceedings to the federal proceedings." (*Grynberg v. Grey Wolf, Inc.*, 2008 WL 687363, *2 (2008).) There is no cross-complaint on file in the State Court action, so any argument as to which claims could be asserted is theoretical only.

In *Grynberg, supra*, a drilling company filed a state court action against a customer to collect payment under an oil well drilling contact. Instead of asserting counterclaims in the state court action, the customer filed a separate class action suit against the drilling company for fraudulent conduct in federal court. The district court ultimately determined that the state court action would not be determinative of the class action issues and, therefore, the *Colorado River* doctrine did not apply because the proceedings were not parallel. (*Id.* at *2.)

Similarly, here, the state court proceedings arising out of Plaintiffs' alleged breach of the ARTCS Provider Agreement will not resolve the claims in this federal court action. On this basis alone, Defendants' request for a stay or dismissal must be denied.

4.     **The *Colorado River* Factors Weigh <u>Against</u> a Dismissal or Stay in this Case**

Assuming *arguendo* that Defendants establish that the state court proceeding will resolve this federal court action, the district court must carefully consider "both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise" to determine whether "exceptional" circumstances exist that warrant a *Colorado River* stay or dismissal. (*R.R. Street & Co. Inc., supra,* 656 F.3d at 978.) The decision to dismiss or stay a federal proceeding rests on a "careful balancing" of these factors as they apply in a given case, "<u>with the balance heavily weighted in favor of exercising jurisdiction</u>." (*Moses H. Cone Mem. Hospital v. Mercury Const. Corp.*, 460 US 1, 16 (1983).) "Any doubt as to whether a factor

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- 5 -

Opposition To Defendants' Motion To Dismiss

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

1  exists should be resolved <u>against a stay</u>, not in favor of one." (*Travelers Indemnity*

2  *Company v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).) "Only the <u>clearest of</u>

3  <u>justifications</u> will warrant dismissal." (*Id.*)

4          a.    <u>This Case Does Not Raise a "Special Concern" about</u>

5                <u>Piecemeal Litigation</u>[1]

6          Although courts may consider the desire to avoid piecemeal litigation, this

7  factor is not a sufficient reason by itself for a federal court to refuse to exercise its

8  jurisdiction. Rather, "the case <u>must</u> raise a 'special concern about piecemeal

9  litigation,' which can be remedied by staying or dismissing the federal proceeding."

10  (*R.R. Street & Co. Inc., supra*, 656 F.3d at 979.) Abstention is proper "<u>only when</u>

11  there is evidence of a strong federal policy that all claims should be tried in the state

12  courts." (*United States v. Morros*, 268 F.3d 695, 706-707 (9th Cir. 2001).)

13          For instance, in *Colorado River* there were parallel proceedings in federal and

14  state court regarding adjudication and administration of water rights within river

15  systems located in Colorado. The Supreme Court determined that the dismissal of

16  the federal court action by the United States was proper because the McCarren

17  Amendment, which waived the Government's sovereign immunity to permit the

18  joinder of the United States in some state-court suits for the adjudication of water

19  rights, reflected a "clear federal policy . . . of avoidance of piecemeal adjudication of

20  water rights in a river system." (*Colorado River, supra,* 424 U.S. at 819-820.)

21          In contrast, *Travelers, supra,* involved an insured who refused to pay

22  insurance premiums allegedly owed. The insured sued Travelers in California state

23  _____

24  [1] The first two factors to consider under the *Colorado River* doctrine are: (1) which
court first assumed jurisdiction over any property at stake; and (2) the inconvenience
25  of the federal forum. As indicated by Defendants in their moving papers, these
factors are irrelevant in this case since the dispute does not involve real property. In
26  addition, since the parties reside in California and Colorado, Defendants
acknowledge that the second factor "is likely a wash." (See also *Kelley Investments,*
27  *Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (witnesses'
inconvenience in having to travel to testify in both courthouses is not sufficient).)

28

- 6 -

court and asserted claims for negligent misrepresentation, breach of fiduciary duty and declaratory relief. Travelers subsequently filed a complaint against the insured in federal district court for breach of contract and common counts. The insured asserted the same counterclaims as those brought in the state court action. (914 U.S. at 1365-1366.)

The Ninth Circuit ultimately held that the district court's stay order pursuant to the *Colorado River* doctrine was in error because there were no "exceptional circumstances" which justified a "special concern" about piecemeal litigation. Specifically, the parties' claims involved ordinary contract and tort claims, there was no federal legislation evincing a federal policy to avoid piecemeal litigation, and there were no important property rights at stake, as was the case in *Colorado River*. (*Travelers, supra,* 914 F.2d at 1369.) In addition, at the time of the stay order, the state court had made no rulings in regard to the dispute and, as such, there was no certainty that duplicative effort would result. (*Id.*) (See also *R.R. Street & Co. Inc., supra,* 656 F.3d at 979 ("the mere possibility of piecemeal litigation does not constitute an exceptional circumstance").) The Court further held that the possibility of inconsistent rulings on the same issues does not support abstention because the first-rendered judgment will have res judicata effect in the other proceeding. (*Id.*) (See also *Kelly Investment, Inc., supra,* 315 F.3d at 498 (district court erred in staying proceedings because of the risk that the state and federal court would reach inconsistent rulings on claims arising out of an alleged breach of promissory notes)).)

The facts of this case are nearly identical to *Travelers* because the state and federal proceedings involve contract and business tort claims and, as such, there is no federal legislation evincing a federal policy to avoid piecemeal litigation. Moreover, while the state court recently issued a decision regarding personal jurisdiction, no substantive decisions have been made in the state court action. To the contrary, this court will likely make the first substantive decision regarding the merits of this dispute once it rules on Defendants' 12(b)(6) motion. Finally,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- 7 -

1  Defendants' concerns regarding piecemeal and inconsistent rulings do not warrant a

2  *Colorado River* stay or dismissal given the res judicata effect of the first-rendered

3  judgment. In sum, Defendants have failed to establish that there is any "special

4  concern" about piecemeal litigation and, as a result, the court should deny their

5  request for a dismissal or stay.

b.  The Order of Jurisdiction Weighs in Favor of Federal

Jurisdiction

8  Defendants argue that a *Colorado River* dismissal or stay is warranted

9  because they filed their Colorado action first. However, "the mere existence of a

10  case on the state docket in no way causes a substantial waste of judicial resources or

11  imposes a burden on the defendants' which would justify abstention." (*Herrington*

12  *v. County of Sonoma*, 706 F.2d 938, 940 (9th Cir. 1983).) "Priority should not be

13  measured exclusively by which complaint was filed first, but rather in terms of how

14  much progress has been made in the two actions." (*Moses H. Cone Memorial*

15  *Hospital, supra,* 460 U.S. at 21.)

16  In *Moses H. Cone Memorial Hospital, supra,* there were concurrent federal

17  and state court proceedings involving the arbitrability of contract disputes

18  concerning the construction of a hospital building. (460 U.S. at 1.) The Supreme

19  Court ultimately determined that the district court's stay order was improper (even

20  though the state court action was filed first) because the federal court had taken most

21  of the steps necessary to resolve the arbitrability issue, while no substantial

22  proceedings had taken place in the state court proceedings. (*Id.* at 21-22.)

23  Similarly, here, the state court has issued no decisions at this point in time

24  regarding the merits of the dispute and only allowed limited discovery regarding

25  jurisdiction only. This court, on the other hand, has issued a ruling on Plaintiffs'

26  Motion for Preliminary Injunction and will likely make the first substantive decision

27  regarding the merits of this dispute once it rules on Defendants' 12(b)(6) motion.

28  Thus, the order of jurisdiction weighs in favor of federal jurisdiction.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- 8 -

c.   The Source of Law Weighs in Favor of Federal
Jurisdiction

Defendants argue that dismissal is proper because the Provider Agreement contains a Colorado choice-of-law provision. Plaintiffs disagree that Colorado law applies for the reasons discussed below. However, even if assuming the Colorado choice-of-law provision applies, this factor is not helpful to Defendants. This factor "involves the state court's adequacy to protect *federal* rights, not the federal court's adequacy to protect state rights." (*Travelers, supra,* 914 F.2d at 1370.) Furthermore, the Ninth Circuit "has not applied this factor against the exercise of federal jurisdiction, only in favor of it." (*Id.*) Thus, "the possibility that the state court proceeding might adequately protect the interest of the parties is not enough to justify the district court's deference to the state action." (*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d. Cir. 1986).)

Moreover, the "presence of state-law issues may weigh in favor of that surrender <u>only in rare circumstances</u>." (*Moses H. Cone Memorial Hospital*, *supra*, 460 U.S. at 26.) "Rare circumstances" do not exist in cases involving routine issues of state law, such as misrepresentation, breach of fiduciary duty, and breach of contract. (*Travelers, supra,* 914 F.2d at 1370.) Accordingly, the state law claims at issue in both the Colorado and federal action do not weigh in favor of dismissal or stay under the *Colorado River* doctrine.

d.   There Is No Evidence that Plaintiffs Have Engaged in
Forum Shopping

In the *Colorado River* context, forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage. (*Travelers, supra,* 914 F.2d at 1371.) Defendants have presented no evidence establishing that Plaintiffs filed an action in California court to avoid any adverse rulings in state court or to gain a tactical advantage. In fact, no rulings have been made in the state court action that impacts

- 9 -

015089.00008
13128002.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

the substantive merits of Plaintiffs' claims against Defendants. Thus, this factor does not weigh in favor of a stay or dismissal.

Defendants attempt to rely on the five-month time difference between the initiation of the state and federal court actions as evidence of forum shopping. Defendants ignore that Plaintiff's contested jurisdiction in Colorado and filed the current case before the jurisdictional issue was decided and before any party was aware of the ultimate venue for this action. Forum shopping should therefore not be a consideration in the Court's determination of the current motion.

### 5.   If The Court is Inclined to Decline to Exercise Jurisdiction at this Time, it Should Stay Rather Than Dismiss the Federal Action

If the Court is inclined to apply the *Colorado River* doctrine in this case, Plaintiffs request that the Court stay rather than dismiss the federal action to ensure that the federal forum will remain open if the state forum proves to be inadequate. (See *Attwood v. Mendocino Coast Dist. Hospital,* 886 F2d 241, 243 (9th Cir. 1989).) "Only the clearest of justifications will warrant dismissal."  (*Colorado River, supra,* 424 U.S. at 818-819.)

### B.   Plaintiffs' Cause of Action for Declaratory Relief Should Stand

Defendants' request to dismiss Plaintiffs' claim for declaratory relief under the Declaratory Judgment Act should be denied. "When other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." (*Snodgrass, M.D. v. Provident Life and Accident Insurance Company*, 147 F.3d 1163, 1167 (9th Cir. 1998).) Claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdiction rule. (*Id.*)

Plaintiffs here request that the Court declare the non-compete provision of the

- 10 -

Provider agreement void under California law. The other causes of action for intentional interference, unfair competition, and violation of the Cartwright Act are joined and intertwined with the declaratory relief cause of action, such that dismissing the declaratory relief cause of action under the act would undermine the remaining causes of action.

Furthermore, remanding only the declaratory component of such an action will frequently produce piecemeal litigation, which the Declaratory Judgment Act is intended to avoid, rather than promote. (*Snodgrass, supra,* 147 F.3d at 1167.) As such, where the dismissal of claims for declaratory relief would require "an independent and unnecessary state lawsuit that would be duplicated by the damages lawsuit that the district could was compelled to retain," a district should retain jurisdiction over the declaratory claims to avoid duplicative litigation. (*Id.*)

In *Snodgrass,* the district court applied an erroneous standard to determine whether there were claims independent of the request for declaratory relief when it concluded that "there [was] no claim or counterclaim . . . *unrelated* to the declaratory action." (*Id.*) Rather, "the appropriate inquiry was to determine whether there were claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." (*Id.* at 1167-1168.)

In this case, Plaintiffs' claims for unfair business practices, Cartwright Act violations, and interference with contractual relations and prospective economic advantage would continue if its claim for declaratory relief "dropped from the case." Accordingly, it would be an abuse of this Court's discretion to dismiss Plaintiffs' claim for declaratory relief under the Declaratory Judgment Act.

**C.** **Plaintiffs Have Stated a Claim As To Each of Their Causes of Action in the Complaint**

**1.** **Legal Standard**

Under Federal Rules of Civil Procedure, rule 12(b)(6), a complaint should not

- 11 -

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

be dismissed if "it may be supported by showing any set of facts consistent with the allegations in the complaint." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).) Indeed, "Rule 12(b)(6) motions are viewed with disfavor and are properly granted" only "under extraordinary circumstances." (*Yordy v. Astrue*, 2010 WL 653099, *2 (N.D. Cal. 2010).)

A complaint need only allege "enough facts to state a claim to relief that is plausible on its face." (*Twombly*, 550 U.S. at 570.) In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." (*Hebbe v. Pliler*, 627 F.3d 340, 342 (9th Cir. 2010).) The Court reads the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." (*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).) Moreover, "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden." (*Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009).) "Asking for plausible grounds to infer the existence of a claim for relief does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to prove that claim." (*Id.*) "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." (*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).)

"[T]he Court is generally confined to consideration of the allegations in the pleadings[.]" (*Yordy*, 2010 WL 653099, *2.) However, while the Court cannot accept "new" facts alleged in opposition papers, a plaintiff's briefing may always be used to clarify allegations in a complaint. (*Id.*)

## 2. Plaintiffs Have Stated a Claim for Violation of Cartwright Act

- 12 -

015089.00008
13128002.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

1    Defendants argue that Plaintiffs have failed to state a claim under the

2    Cartwright Act because this claim is solely based on conclusory allegations

3    regarding ART's refusal to certify Dr. Gatsinaris and ART's interference with

4    Defendants' business relationships. To assert a claim under the Cartwright Act,

5    Plaintiffs must plead: (1) the formation and operation of the conspiracy; (2) illegal

6    acts done pursuant thereto; and (3) damage proximately caused by such acts."

7    (*Kolling v. Dow Jones & Co.,* 137 Cal.App.3d 709, 718 (1982); *Asahi Kasei Pharma*

8    *Corporation v. Cotherix, Inc.,* 204 Cal.App.4th 1, 8 (2012).)

9    Here, the Complaint provides detailed allegations regarding Defendants'

10   agreement and scheme to create a monopoly in corporate ART services by: (1)

11   refusing to certify Dr. Gatsinaris and other competitors in ART because they

12   compete with ARTCS, which is a separate entity from the licensing entity ART

13   LLC, (2) requiring thousands of ARTCS providers to sign illegal and unenforceable

14   noncompete agreements, (3) enforcing illegal and unenforceable noncompete

15   agreements to deny ART certification to any competitors of ARTCS, and (4)

16   disrupting the business relationships of ARTCS's competitors. (Complaint, ¶ 72.)

17   Defendants argue that Plaintiffs do not allege or establish injury to market-

18   wide competition. Plaintiffs, however, have done so based on the allegations above.

19   Specifically, injury to market-wide competition can be inferred based on

20   Defendants' practice of requiring Dr. Gatsinaris, as well as thousands of other ART

21   providers, to sign Provider Agreements with illegal noncompete agreements, as well

22   as Defendants' efforts to enforce them to stifle competition.

23   Defendants further argue that their actions are justified because ART is a

24   patented method and technique and ART's name and logos are protected by various

25   trademarks. Yet, Defendants are not immune from liability under California's unfair

26   competition and antitrust laws simply because they purportedly own patents and

27   trademarks associated with the ART technique. Courts have "held many times that

28   power gained through some natural and legal advantage such as a patent, copyright,

- 13 -

or business acumen can give rise to liability if a seller exploits his dominant position in one market to expand his empire into the next." (*Eastman Kodak Company v. Image Technical Services, Inc.*, 504 U.S. 451, 479, fn. 29 (1992) (internal quotations omitted).)

Nonetheless, as Defendants' concede, the validity of this defense is not appropriate for the purposes of a 12(b)(6) motion as the court cannot consider material outside the complaint. (*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).) In addition, at this stage, the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the compliant liberty." (*Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009).) Motions to dismiss for failure to state a claim are "rarely" granted "in an antitrust suit where proof and details of the alleged conspiracy are largely in the hands of the conspirators." (*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Develop. Corp., S.A.*, 711 F.2d 260, 262 (11th Cir. 1983).) Accordingly, the Court should deny Defendants' Motion to Dismiss Plaintiffs' Cartwright Act claim.

**3.  Plaintiffs State a Claim for Violation of California's Unfair Competition Laws (Cal. Bus. & Prof. Code, § 17200 et seq.)**

Section 17200 expresses California public policy against unfair competition, and prohibits "wrongful business conduct in whatever context such activity might occur." (*Stoiber v. Honeychuck*, 101 Cal.App.3d 903, 927 (1980).) Section 17200 defines unfair competition as any "unlawful, unfair or fraudulent business practice."

The "unlawful" practices prohibited by section 17200 are any practices forbidden by law.  (*Saunders v. Superior Court*, 27 Cal.App.4th 832, 838-839 (1994).) "As our Supreme Court put it, section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable under section 17200 et seq." (*Id.* at 839.)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- 14 -

However, the law does more than just borrow. The statutory language referring to "any unlawful, unfair or fraudulent" practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law. Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent.  In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa. (*Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999).)

> a.  The Provider Agreement Contains Noncompete Provisions that Violate California Business and Professions Code § 16600

Initially, California has settled public policy in favor of open competition. (*Howard v. Babcock*, 6 Cal.4th 409, 416 (1993).) California codified its public policy and rejected the common law "rule of reasonableness" in 1872, upon the enactment of the Civil Code. (Former Civ. Code, § 1673, repealed and enacted as Bus. & Prof. Code, § 16600.)

California Business and Professions Code section 16600 ("section 16600") provides "every contract by which anyone is retained from engaging in a lawful profession, trade, or business of any kind is to that extend void," subject to a few limited exceptions which do not apply here. "The law protects Californians and ensures "that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice." (*Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937, 946 (2008).) It protects "the important legal right of persons to engage in businesses and occupations of their choosing." (*Id.*)

In California, even narrowly-tailored non-competition agreements are illegal under section 16600. (*Edwards*, *supra*, 44 Cal.4th at 949-950.) In *Edwards, supra,* the California Supreme Court held that "section 16600 is unambiguous and if the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- 15 -

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

1  Legislature intended the state to apply only to restraints that were unreasonable or

2  overbroad, it could have included language to that effect." (*Id.* at 950.)

3       Based upon these well-established principles, California courts have routinely

4  invalidated agreements that impose <u>any</u> limits or restrictions on an individual's

5  ability to pursue their profession, trade, or business. The California Supreme Court

6  in *Edwards, supra,* specifically declined to adopt the Ninth Circuit's approach in

7  *Campbell v. Board of Trustees of Leland Stanford Junior University*, 817 F.2d 499,

8  502 (9th Cir. 1987), which excepted from section 16600 agreements that bar one

9  from pursing only a small or limited part of the profession. (*Id*. at 950.)

10       In *Scott v. Snelling and Snelling, Inc.*, a franchise agreement for temporary

11  personnel services containing a Pennsylvania choice of law provision was found to

12  violate section 16600 because it prohibited the licensee from (1) opening a

13  competing business within a 10 mile radius of most recent office location, (2)

14  operating a temporary personnel service business that directly or indirectly

15  contacted, worked with, or serviced any clients of the franchise, and (3) directly or

16  indirectly employing, listing, or contacting any workers of the franchise. (*Scott v.

17  Snelling and Snelling, Inc.,* 732 F. Supp. 1034, 1037, 1046 (N.D. Cal. 1990).)

18       Likewise, in *Retirement Group v. Galante,* a preliminary injunction

19  prohibiting financial advisors from "soliciting" any of the investment service

20  provider's customers and employees violated section 16600. (*Retirement Group v.

21  Galante,* 176 Cal.App.4th 1226, 1238-1239 (2009).)  In *Kolani v. Gluska*, 64

22  Cal.App.4th 402, 405-406 (1998) and *Dowell v. Biosense Webster, Inc.*, 179

23  Cal.App.4th 564, 575 (2009) noncompete agreements which prohibited employees

24  from soliciting their former employers' clients for a period of one year and 18

25  months after the termination of their employment, respectively, was void under

26  section 16600.

27       Similarly here, the Provider Agreement violates section 16600 because

28  Section 17 of the Provider Agreement restrains Dr. Gatsinaris and GCI from (1)

- 16 -

015089.00008
13128002.1

pursuing any new corporate first aid/wellness business, unless such business is pursued in conjunction with ARTCS <u>so that he is not competing</u>, and (2) "soliciting" or "directly contracting" with ARTCS's clients for a period of two years after the termination of the Agreement. (Complaint, ¶ 17.)

In an attempt to avoid section 16600, Defendants have re-characterized this provision as a "business alliance provision." While Plaintiffs will give Defendants credit for their creativity, Defendants cannot ignore that this provision restricts Dr. Gatsinaris' and GCI's ability to compete with ARTCS as it prevents them from obtaining any "first aid/corporate wellness business" <u>independently</u> of ARTCS and restrains them from soliciting ARTCS's clients for two years after the termination of the Agreement. This so-called "business alliance provision" was clearly intended to prevent Dr. Gatsinaris, GCI and other providers from competing with ARTCS, as evidenced by the fact that this provision (which Defendants drafted) is labeled a "noncompetition" agreement in the Provider Agreement. (Cal. Civ. Code, § 1654 — "the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.") Moreover, Defendants' argument that this provision does not violate section 16600 because it simply requires Dr. Gatsinaris and GCI to pursue new business opportunities with Defendants is equally without merit and ignores the reality that the effect of this provision prevents Dr. Gatsinaris and GCI from competing with ARTCS. In addition, if Defendants' assertion were true, every business owner could simply rephrase their noncompete agreements in such a manner to avoid section 16600. In the end, regardless of Defendants' creative maneuvering, the Provider Agreement restrains Dr. Gatsinaris and GCI from competing with ARTCS and it is therefore void as a matter of law under section 16600.

        b.    <u>California Law Applies to the Noncompetition Provision in the Provider Agreement</u>

To avoid the clear mandate of section 16600, Defendants repeatedly argue

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

throughout their Motion that the Colorado choice of law provision applies, however Defendants fail to present any legal authority to support this position. To the contrary, neither the Provider Agreement nor the California choice of law principles supports this outcome.

First, California law applies under the express terms of the Provider Agreement. Section 29 of the Provider Agreement states:

> Any provision of this Agreement that is in conflict with the statutes, local laws, or regulations of the state <u>in which services are provided,</u> is hereby amended to conform to the minimum requirements of such statutes.

(See Provider Agreement.)

In this case, Dr. Gatsinaris and GCI performed services under the Provider Agreement to corporate clients in California only. As such, California law would apply if it is more protective of competition than Colorado's law.

In this regard, California law is more protective than Colorado in the area of noncompete agreements. As discussed above, section 16600 prohibits all noncompete agreements unless a few narrow non-applicable exceptions apply. Colorado's statute, on the other hand, permits noncompete agreements that are statutorily permitted if it is reasonable in duration and geographic scope. (*Nat'l Graphics Co. v. Dilley*, 681 P.2d 546 (Colo.App.1984).) Section 16600 does not carve out a similar exception. In addition, the California Supreme Court in *Edwards, supra,* declared that such narrow restraints are not permissible in California and violate public policy. Therefore, based on the express terms of the Provider Agreement, California law would apply to this dispute since the Agreement must conform to the "minimum requirements" of any statute in which the services are provided — in this case, California.

Second, California law governs this dispute under California choice of law principles. In diversity cases, the Court must decide which state's law applies to the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

substantive legal issues raised by the dispute in the absence of superseding federal law. (*Scott, supra,* 732 F.Supp. at 1039.) This choice of law question is normally determined by reference to the choice of law rules of the state in which the district court sits. (*General Accident Ins. Co. v. Namesnik*, 790 F.2d 1397, 1398 (9th Cir.1986). The Court must therefore apply California choice of law principles to this case.

California law will not give force to a choice of law clause where the contract contains a provision which violates a "strong California public policy." (*Id.* citing *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 20 Cal.App.3d 668, 673 (1971).) In such a case, "the provision will be ignored to the extent necessary to preserve public policy." (*Application Group, Inc. v. Hunter Group, Inc.,* 61 Cal.App.4th 886, 896 (1998).)

Section 16600 has been held by the California courts to represent a strong public policy which would override the choice of law provision in a contract with regard to a restrictive covenant. (See, e.g., *Scott, supra*, 732 F.Supp. at 1039-1041 (California law applied to noncompetition provision in franchise agreement containing Pennsylvania choice of law provision); *Application Group, Inc., supra,* 61 Cal.App.4th at 905 (California law applied to noncompetition provision in employment agreements containing Maryland choice of law provision).)

Likewise, here, California law applies to this dispute because (1) all Plaintiffs reside in California, (2) the Provider Agreement was executed in California and contains noncompete provisions that violate California law, (3) all services rendered under the Provider Agreement occurred in California, (4) California has a "strong policy" against noncompetition agreements, and (5) California is more protective than Colorado and thus applying Colorado law would directly conflict with California's state interests. Thus, section 16600 applies to this dispute.

      c.    <u>Defendants' Use and Enforcement of Illegal Noncompete Agreements Violates Section 17200</u>

- 19 -

The California statute prohibiting noncompete agreements represents a strong public policy of the state, and thus, the use of noncompete agreements violates the "unlawful" and "unfair" prongs of the unfair competition law. (*Dowell v. Biosense Webster, Inc.*, *supra*, 179 Cal.App.4th at 575; *Khan v. K2 Pure Solutions, LP*, 981 F.Supp.2d 860, 864-865 (N.D. Cal. 2013).) This equally applies to non-resident businesses whose wrongful business practices affect California citizens. (*Application Group, Inc., supra,* 61 Cal.App.4th at 908.)

Here, Plaintiffs have alleged the noncompete clauses in the Provider Agreement violate section 16600. Furthermore, Plaintiffs' allegations regarding Defendants' use and enforcement of these illegal noncompete agreements through the cease and desist letter, Colorado action, and communications with Plaintiffs' clients are sufficient to support to a section 17200 claim. Thus, Defendants' Motion to Dismiss must be denied.

Defendants argue that Plaintiffs' unfair competition claim fails because Plaintiffs only allege individualized harm which does not support a claim for violation of the UCL. Yet, as discussed above, the use and enforcement of illegal noncompete agreements violate section 16600 and the "unfair" and "unlawful" prongs of the UCL. In addition, the very nature of these illegal agreements is to eliminate competition — not only competition from Defendants, but also from the thousands of providers who are required to sign the same agreements to participate in ARTCS' Provider Network. Thus, Defendants' Motion to Dismiss must be denied as to this claim.

d.   <u>Defendants' Conspiracy to Dominate the Corporate ART Services Market is an Unlawful and Unfair Business Practice</u>

As discussed above, Plaintiffs have sufficiently plead a claim for unfair competition based on Defendants' violation of the Cartwright Act. Moreover, "when a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act

- 20 -

015089.00008
13128002.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

or practice invokes section 17200, the word 'unfair' in that section means <u>conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.</u>" (*Cel-Tech, supra,* 20 Cal.4th at 187.) Even if Plaintiffs have not pled sufficient facts to satisfy all of the elements of a Cartwright Act violation, Plaintiffs have plead sufficient facts showing that Defendants have violated the policy or spirit of that law based upon its anticompetitive and monopolistic behavior.

### 4. Plaintiffs Have Sufficiently Plead a Claim for Tortious Interference with Existing and Prospective Contractual Relations

Defendants argue that Plaintiffs' tort claims are barred by the "economic loss" rule. Yet, "economic loss generally means pecuniary damage that occurs through loss of value or use of the goods sold or the cost of repair together with consequential lost profits when there has been no claim of personal injury or damage to other property." (*San Francisco Unified Sch. Dist. V. W.R. Grace & Co.*, 37 Cal.App.4th 1318, fn. 5 (1995).) "The economic loss rule prevents that law of contract and the law of tort from dissolving into the other." (*Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004).)

The economic loss rule has no application to Plaintiffs' tort claims because Plaintiffs do not allege that Defendants breached a contract for goods or services. Rather, Plaintiffs' tort claims are based on Defendants' tortious interference with its existing and prospective economic relationships. Specifically, Plaintiffs allege that Defendants disrupted these relationship by requiring Plaintiffs to enter into Provider Agreements containing illegal noncompete provisions, enforcing those illegal noncompete provisions to disrupt Defendants' existing and prospective business relationships, refusing to certify Dr. Gatsinaris, and contacting Defendants' clients with the intent to disrupt their business relationship. Defendants do not assert any

- 21 -

1    other argument in support of the dismissal of these claims. Consequently, these

2    claims should remain.

3                  **5.      Plaintiffs are Entitled to Leave to Amend**

4           Plaintiffs are entitled to leave to amend to remedy any deficiencies identified

5    by the court. (*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).) Therefore,

6    should this Court decide to grant any portion of Defendants' Motion to Dismiss,

7    Plaintiffs request leave to amend their Complaint.

8    **III.    <u>CONCLUSION</u>**

9           For all of the reasons set forth herein, Plaintiffs respectfully request that the

10   Court deny Defendants' request to dismiss or stay this action.

11   Dated: June 8, 2015              ATKINSON, ANDELSON, LOYA, RUUD &
12                                    ROMO

13                                    By: */s/ Carol A. Gefis*
                                          _____
14                                        Carol A. Gefis
                                          Attorneys for Plaintiffs VASILI
15                                        GATSINARIS, D.C.; GATSINARIS
                                          CHIROPRACTIC, INC.; AMERICAN
16                                        CORPORATE HEALTH, LLC

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-3371
FAX: (949) 453-4262

015089.00008
13128002.1

Opposition To Defendants' Motion To Dismiss

## CERTIFICATE OF SERVICE

Case Name: *Gatisnaris v. ART Corporate Solutions*

No.:   8:15-cv-00741-DOC-DFM

On June 8, 2015, I filed the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(1) AND 12(B)(6), OR, IN THE ALTERNATIVE, STAY THIS ACTION [DOC 21]** electronically through the CM/ECF system.  All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The below parties are currently on the list to receive e-mail notices for this case.

Eric R. Maier
Maier Shoch LLP
1001 Hermosa Avenue, Suite 206
Hermosa Beach, CA 90254
emaier@maiershoch.com

Tamir I. Goldstein
Sherman & Howard L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
tgoldstein@shermanhoward.com

Joseph C. Daniels
Sherman & Howard L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
jdaniels@shermanhoward.com

Executed on June 8, 2015, at Irvine, California.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

/s/ Patricia Tonti-Mace
Patricia Tonti-Mace

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

015089.00008
13128002.1